ON SUGGESTION FOR REHEARING EN BANC
PER CURIAM:
In the suggestion for rehearing en banc, Texas Pig Stands contends that the Court’s decision is inconsistent with and in conflict with this Court’s earlier decision in Maltina Corp. v. Cawy Bottling Co., Inc., 613 F.2d 582 (5th Cir.1980).
Nothing in the Court’s opinion affords any basis for this attack. In the first place, the opinion does not slight the case since Maltina was cited twice. See 951 F.2d at 695 and 951 F.2d at 699. This Court recognizes Maltina to be the lav/ of the Fifth Circuit in its holding that (i) absence of competitors or (ii) failure of proof showing diversion of the mark owner’s sales is no defense to the claim for Defendant’s profits under 15 U.S.C. § 1117.
The reason why Hard Rock Cafe’s profits were not awarded was not based on (i) absence of competitors ór (ii) no evidence of diversion; it was, rather, based solely on the lack of evidence showing that any of Defendant’s profits were the result of its infringement of the mark.
The trial court in granting j.n.o.v. on unjust enrichment expressly found:
Hard Rock ‘would have sold just as many pig sandwiches by any other name’ and that ‘there is no basis for inferring that any of the profits received by [Hard Rock] from the sale of pig sandwiches are attributable to infringement.’
951 F.2d at 696.[1]
The overriding principle comes from the Supreme Court that as to recovery of in-fringer’s profits:
The plaintiff, of course, is not entitled to profits demonstrably not attributable to the unlawful use of his mark. Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co., 316 U.S. 203, 206, 62 S.Ct. 1022, 1024, 86 L.Ed. [1381] at 1385 (1941).
Mishawaka has been followed and cited numerous times in many federal courts, including the Ninth Circuit in its decision in Maier Brewing Co. v. Fleischmann Distilling Corp., 390 F.2d 117 (9th Cir.1968), adopted in Maltina.
If it can be shown that the infringement had no relation to profits made by the defendant, that some purchasers bought goods bearing the infringing mark because of the defendant’s recommendation or his reputation or for any reason other than a response to the diffused appeal of the plaintiff’s symbol, the burden of showing this is upon the poacher. The plaintiff, of course, is not entitled to profits demonstrably not attributable to *958 the unlawful use of his mark. (Emphasis added).
Maier, 390 F.2d at 124 (quoting Mishawaka, 316 U.S. at 206, 62 S.Ct. at 1024, 86 L.Ed. at 1385).[2]
Treating the suggestion for rehearing en banc as a petition for panel rehearing, it is ordered that the petition for panel rehearing is DENIED. No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for Rehearing En Banc is DENIED.

. The trial court made specific findings to the effect that "there was no proof as to the value of plaintiffs good will in Dallas today.” 951 F.2d at 696.

. See also Burndy Corp. v. Teledyne Indus., Inc., 748 F.2d 767, 772 (2d Cir.1984); Comidas Exquisitos, Inc. v. Carlos McGee’s Mexican Cafe, Inc., 602 F.Supp. 191, 199 (S.D.Iowa), aff'd, 775 F.2d 260 (8th Cir.1985) and Alpo Petfoods, Inc. v. Ralston Purina Co., 913 F.2d 958, 966 (D.C.Cir. 1990).